**Dritan LUMAJ, Violeta Lumaj, Petitioners,**

**v.**

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Nos. 06–4016–ag (L), 06–4018–ag (con).**

United States Court of Appeals, Second Circuit.

July 20, 2007.

Theodore Vialet, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Surell Brady, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Dritan and Violeta Lumaj, natives and citizens of Albania, seek review of two July 31, 2006, orders of the BIA affirming the March 11, 2005, decision of Immigration Judge ("IJ") Sarah Burr, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dritan Lumaj/Violeta Lumaj,* Nos. A95 460 186/79 310 321 (B.I.A. Jul. 31, 2006), *aff'g* Nos. A95 460 186/79 310 321 (Immig. Ct. N.Y. City March 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

## I. Dritan Lumaj, 06–4016

■ The IJ properly relied on several inconsistencies in the record to support her determination that Dritan was not credible. For example: (1) Dritan testified that he only worked in the 1997 elections whereas his wife's asylum application indicates that he worked in the 2000 elections; (2) Dritan's asylum application, which indicates that in 1998 he was stabbed by a bayonet and beaten until he was unconscious, was inconsistent with his testimony that he was hit and beaten; (3) the medical certificates indicating that Dritan's left leg had been injured were inconsistent with his testimony that his right leg was fractured; and (4) the medical certificates indicating that Dritan was treated for his injuries on March 25 were inconsistent with his testimony that he received treatment on March 23. These inconsistencies which go to the heart of his claims of persecution provide substantial evidence supporting the IJ's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308–09.

The IJ also properly found that the consular investigation report that the Government submitted discredited the medical certificate and the arrest certificate submitted by Dritan. Indeed, we have found that an IJ may rely on his or her finding that a document that is not genuine has been submitted by the petitioner to discredit the balance of an applicant's uncorroborated evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

Although there may have been minor errors in the IJ's reasoning, we decline to remand this case, because we are confident that they would not affect the IJ's conclusion, which is well-grounded in the evidence, and that the same decision would be made were the petition remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339.

The adverse credibility determination in this case necessarily precludes success on Dritan's claim for withholding of removal inasmuch as the only evidence of a threat to his life or freedom depended upon his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

## II. Violeta Lumaj, 06–4018

■ The IJ's finding that Violeta was not credible was also based on substantial evidence. The IJ found that Violeta testified that she joined the DP in 1998, but her membership card indicates that she joined in 1999. The IJ further found that Violeta testified that Dritan's right shoulder had been injured in 1998, in contradiction to his testimony that his left shoulder was injured. The IJ also found that Violeta testified that her husband had been detained in jail for three days in 2000, while he said that he was held for one and a half days. Lastly, the IJ found that her testimony that Dritan's right leg had been injured in 2000 contradicted the medical certificate he submitted indicating that his left leg had been fractured. Those findings, all based on substantial evidence, amply support the IJ's credibility determination. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

## III. CAT Claims

Because Dritan and Violeta have failed to raise their CAT claims before this Court, they are deemed abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. The request for oral argument in these petitions is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).